# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

### CASE NO. 21-3981

### STEVE SNYDER-HILL, et al.,

*Plaintiffs-Appellants*,

### V.

### THE OHIO STATE UNIVERSITY,

*Defendant-Appellee*.

_____

ON APPEAL FROM THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, COLUMBUS
CASE NOS.2:18-CV-00736; 2:21-CV-03838

**BRIEF OF *AMICUS CURIAE* CHILD USA OPPOSING DEFENDANT-APPELLEE'S
PETITION FOR REHEARING EN BANC**

Marci A. Hamilton, Esq.
CEO & Founder, CHILD USA
3508 Market Street, Suite 202
Philadelphia, PA 19104
Tel: (215) 539-1906
mhamilton@childusa.org

Jessica Schidlow, Esq.
Staff Attorney, CHILD USA
jschidlow@childusa.org

Konrad Kircher, Esq.
RITTGERS & RITTGERS
12 E. Warren Street
Lebanon, Ohio 45036
Tel: 513-932-2115
Konrad@rittgers.com
Counsel for *Amicus Curiae* CHILD USA

**RULE 29 STATEMENTS**

Pursuant to Fed. R. App. P. 29(a)(4)(E), *Amici* affirm that no party or party's counsel authored the brief in whole or in part or contributed money that was intended to fund preparing or submitting the brief. No person other than Amici, their members, or their counsel contributed money that was intended to fund preparing or submitting the brief.

## TABLE OF CONTENTS

**RULE 29 STATEMENTS** ............................................................. i

**TABLE OF AUTHORITIES** ...................................................... iii

**INTEREST OF CHILD USA AS AMICUS CURIAE** ........................................1

**REASONS FOR DENYING DEFENDANT-APPELLEE'S PETITION FOR EN BANC REVIEW** ...............................................2

   I.   THE MAJORITY OPINION IS CONSISTENT WITH CIRCUIT AND SUPREME COURT PRECEDENT REGARDING APPLICATION OF THE DISCOVERY RULE AND ACCORDS WITH THE POLICIES UNDERGIRDING TITLE IX ...........................................2

   II.   THE ROTKISKE DECISION PROVIDES NO BASIS FOR THIS COURT TO RECONSIDER WELL-ESTABLISHED DISCOVERY RULE PRECEDENT .........................6

   III.   VACATING THE PANEL COURT'S DECISION WOULD CAUSE VICTIMS TO SUFFER UNNECESSARY HARM ...........................................8

**CONCLUSION** ...............................................................9

**CERTIFICATE OF SERVICE** ...........................................11

**CERTIFICATE OF COMPLIANCE UNDER RULE 32(g)(1)** ...................13

# TABLE OF AUTHORITIES

## Cases

*A.Q. C. ex rel. Castillo v. United States,* 656 F.3d 135, 140 (2d Cir. 2011) .............5

*Bd. of Regents of Univ. of State ofN. Y. v. Tomanio,* 446 U.S. 478, 485 (1980) .......9

*Bishop v. Children's Cr. For Dev. Enrichment,* 618 F.3d 533 (6th Cir. 2010) .....3, 5

*Bristol Reg'l Women's Ctr., P.C. v. Slatery*, 993 F.3d 489, 490 (6th Cir. 2021) ......2

*Chappell v. Rich,* 340 F.3d 1279, 1283 (llthCir. 2003) ...............................................6

*Disabled in Action of Penn. v. Se. Penn. Transp. Auth.*, 539 F.3d 199, 209 (3d Cir. 2008) ....................................................................................................................6

*Gregg v. Haw., Dep't of Pub. Safety,* 870 F.3d 883, 887 (9th Cir. 2017).................6

*In re Copper Antitrust Litig.,* 436 F.3d 782, 789 (7th Cir. 2006)............................6

*North Haven Bd. of Educ. v. Bell*, 456 U.S. 512, 521 (1982)....................................9

*Oliver v. Kaiser Community Health Foundation*,  449 N.E.2d 438 (1983) .............4

*O'Stricker v. Jim Walter Corp.,* 447 N.E.2d 727, 731 (Ohio 1983) ........................5

*Ouellette v. Beaupre*, 977 F.3d 127, 135 (1st Cir. 2020)........................................5

*Patterson v. Chrysler Grp., LLC,* 845 F.3d 756, 762-64 (6th Cir. 2017)................5

*Piotrowski v. Houston*, 237 F.3d 567, 576 (5th Cir. 2001).....................................6

*Rotella v. Wood,* 528 U.S. 549, 555 (2000). ...........................................................9

*Rotkiske v. Klemm,* 140 S. Ct. 355, 360-61 (2019).................................................8, 9

*Schmitz v. Nat'l Collegiate Athletic Ass'n,* 122 N.E.3d 80, 86 (Ohio 2018).............4

*Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984) .................................................3

*Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) ..............................................3

*Sherwood v. Sutton,* 21 F. Cas. 1303, 1307 (No. 12,782) (C.C.D.N.H. 1828).........9

*United States v. Kubrick,* 444 U.S. 111, 113,122(1979). ........................................7

*Wilson v. Garcia,* 471 U.S. 261, 267 (1985) ............................................................3

## Statutes

F. R. APP. P. 35(a)(1)-(2)...........................................................................................2

## Other Authorities

CHILD USA, *Delayed Disclosure: A Factsheet Based on Cutting-Edge Research on Child Sex Abuse*, CHILDUSA.ORG, 3 (Mar. 2020) available at https://childusa.org/wpcontent/uploads/2020/04/Delayed-Disclosure-Factsheet-2020.pdf. ...................................................................................................................8

**INTEREST OF CHILD USA AS AMICUS CURIAE**

CHILD USA is a national non-profit think tank fighting for the civil rights of children. CHILD USA engages in in-depth legal analysis and cutting-edge social science research to protect children, prevent future abuse and neglect, and bring justice to survivors of all ages.  It leads the nation in studying and analyzing statutes of limitation (SOLs) through its Sean P. McIlmail Statutes of Limitations Research Institute. CHILD USA advocates for SOL reform and for the application of existing laws to reflect the science regarding the recognition and disclosure of sexual abuse.

CHILD USA's interests in this case are directly related to its mission of ensuring that perpetrators and institutions are held accountable for their conduct that harms young people and eliminating barriers to justice for victims of sexual abuse. This case raises important questions about when a Title IX claim accrues against a university that enabled and subsequently concealed the sexual predations of one of its staff members thus permitting countless young men to be victimized.

For too long, victims have been barred from asserting their rights while culpable institutions have reaped the benefits of the arbitrary deadlines that have permitted them to put profit and image above the safety of the young people under their control. Title IX's promise of equal access to the benefits of an education without sex-based discrimination is empty without accountability to victims by their

1

educational institutions—and the panel decision simply provides victims access to a system through which they can seek such accountability. Shutting the courthouse doors—again—will not only retraumatize these victims but will also chill reports of sexual assault as many victims will choose not to come forward if they see no avenue to justice.

## REASONS FOR DENYING DEFENDANT-APPELLEE'S PETITION FOR EN BANC REVIEW

The Sixth Circuit views an en banc petition as an "extraordinary—and extraordinarily disfavored—procedure." *Bristol Reg'l Women's Ctr., P.C. v. Slatery*, 993 F.3d 489, 490 (6th Cir. 2021). To overcome this obstacle, Defendant must demonstrate a precedent-setting error of exceptional public importance or an opinion that directly conflicts with Supreme Court or Sixth Circuit precedent. F. R. APP. P. 35(a)(1)-(2). Such grounds simply do not exist in this case. In fact, if this Court were to grant Defendant's petition it would vacate a legally sound decision and further delay justice owed to these victims while rewarding Defendant for their continued attempts to evade accountability. For the foregoing reasons, CHILD USA urges this Court to deny Defendant's petition for rehearing en banc.

I.    **THE MAJORITY OPINION IS CONSISTENT WITH CIRCUIT AND SUPREME COURT PRECEDENT REGARDING APPLICATION OF THE DISCOVERY RULE AND ACCORDS WITH THE POLICIES UNDERGIRDING TITLE IX**

2

Where a federal statute, such as Title IX, is silent as to a limitations period, courts will apply the most analogous state law SOL; however, every circuit, including this one, holds that "federal standards govern when the statute begins to run." *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (citing *Wilson v. Garcia,* 471 U.S. 261, 267 (1985)). Thus, as a matter of law, the limitations period begins to run only when a "reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *See, e.g., Bishop v. Children's Cr. For Dev. Enrichment,* 618 F.3d 533, 536 (6th Cir. 2010) (applying federal discovery rule to Rehabilitation Act and § 1983 claims); *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984) (reversing, in part, dismissal of plaintiff's § 1983 damages claim, holding that "[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action .... A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."). That is, courts apply the discovery rule to determine when a claim accrues where the statute is silent as to an accrual and/or limitations period.

Since its adoption by the Ohio Supreme Court, the discovery rule has evolved to remedy the injustice that occurs from application of strict date-of-injury rules where a plaintiff remains blamelessly ignorant as to their claim. *Oliver v. Kaiser Community Health Foundation*, 5 Ohio St. 3d 111, 114, 449 N.E.2d 438 (1983) ("Use of the discovery rule eases the unconscionable result to innocent victims who

3

by exercising even the highest degree of care could not have discovered the cited wrong.  By focusing on discovery as the element which triggers the statutes of limitation, the discovery rule gives those injured adequate time to seek relief on the merits without undue prejudice to [  ] defendants."); *see also*, *City of Aurora,* 599 F.2d 382, 387-88 (10th Cir. 1979)("To say to one who has been wronged, 'You had a remedy, but before the wrong was ascertainable to you, the law stripped you of your remedy,' makes a mockery of the law.");  *Schmitz v. Nat'l Collegiate Athletic Ass'n,* 122 N.E.3d 80, 86 (Ohio 2018) ("Justice in this case cries out for a remedy. How can anyone be precluded from asserting a claim by a statute of limitations which expires before the discovery of the injury? How can anyone charged with the responsibility of administering justice allow such an absurdity?") (quoting *O'Stricker v. Jim Walter Corp.,* 447 N.E.2d 727, 731 (Ohio 1983) (citation omitted).

   This Court has repeatedly applied the discovery rule to federal claims under comparable statutes to Title IX, including federal civil rights claims, where the statute is silent as to a limitations period. *See, e.g., Patterson v. Chrysler Grp., LLC,* 845 F.3d 756, 762-64 (6th Cir. 2017) (applying federal discovery rule   to determine accrual of ERISA claim);  *Bishop,* 618 F.3d at 536 (1983 claim).  As have the majority of Circuit Courts. *See, e.g., Ouellette v. Beaupre,* 977 F.3d 127, 135 (1st Cir. 2020) (Discussing federal discovery rule, reversing order granting summary

judgment to defendant on timeliness grounds as to § 1983 claim); *A.Q. C. ex rel. Castillo v. United States,* 656 F.3d 135, 140 (2d Cir. 2011) (claim accrues at the time when, "with reasonable diligence," the plaintiff "has or ... should have discovered the critical facts of both his injury *and* its cause" (emphasis added)); *Disabled in Action of Penn. v. Se. Penn. Transp. Auth.,* 539 F.3d 199, 209 (3d Cir. 2008) (ADA); *Piotrowski v. Houston,* 237 F.3d 567, 576 (5th Cir. 2001) (applying federal discovery to delay accrual in § 1983 case); *In re Copper Antitrust Litig.,* 436 F.3d 782, 789 (7th Cir. 2006) (under the discovery the statute of limitations does not begin running until the plaintiff discovers that he has been injured *and* who caused the injury); *Gregg v. Haw., Dep't of Pub. Safety,* 870 F.3d 883, 887 (9th Cir. 2017) ; *Chappell v. Rich,* 340 F.3d 1279, 1283 (llthCir. 2003) (claim does not "accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint *and* (2) who has inflicted the injury" (emphasis added)).

The United States Supreme Court has also recognized that mere knowledge of an injury—without more—is insufficient for accrual, holding that the SOL does not "accrue[]" where "the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain." *United States v. Kubrick,* 444 U.S. 111, 113,122(1979)..

5

In other words, courts have recognized that strict application of the occurrence rule can lead to dismissal of otherwise valid claims based on an arbitrary deadline, even when a Defendant actively concealed their wrongdoing, as Defendant did here. To find that a plaintiff's claim may be barred despite his diligence while a defendant could be rewarded for concealing the facts necessary for plaintiff to realize they even have a Title IX claim would render the statutes noble purpose illusory.

## II.   THE *ROTKISKE* DECISION PROVIDES NO BASIS FOR THIS COURT TO RECONSIDER WELL-ESTABLISHED DISCOVERY RULE PRECEDENT

Defendant's reliance upon the decision in *Rotkiske v. Klemm,* 140 S. Ct. 355, 360-61 (2019) to suggest that this Court has foreclosed on application of the discovery rule to determine accrual of federal claims is misguided.

The *Rotkiske* case interpreted a provision under the Fair Debt Collections Practices Act (FDCPA) which states that claims must be filed "within one year from the date on which the violation occurs" as prohibiting the court from applying the discovery rule to extend the statutory period on such claims. *Id.* at 357. This was so because the plain language of the Act contains a timeframe set by Congress and the Court in *Rotkiske* made very clear that it was not the role of the judiciary to "second-guess Congress' decision to include a "violation occurs" provision, rather than a "discovery provision." *Id*. at 361. Unlike the FDCPA, Title IX is silent on the issue

of accrual. As the United States Supreme Court has repeatedly recognized, "[f]ederal courts, to be sure, generally apply a discovery accrual rule when a statute is silent on the issue." *Rotella v. Wood,* 528 U.S. 549, 555 (2000).

Accordingly, nothing in the *Rotkiske* decision changes the well-established precedent set forth above and in fact, if so understood, would create a circuit split regarding application of the discovery rule where none currently exists.

When Congress is silent as to a limitations period, Courts are left to fill in the gaps on their own. When they do, they must apply laws that further rather than restrict the federal rights, particularly when the statutory rights are remedial as with Title IX. *See, e.g., Bd. of Regents of Univ. of State of N. Y. v. Tomanio,* 446 U.S. 478, 485 (1980); *see also, North Haven Bd. of Educ. v. Bell*, 456 U.S. 512, 521 (1982) ("we must accord [Title IX] a sweep as broad as its language") (citations omitted). The Supreme Court rule articulated over two centuries ago is that "'every statute is to be expounded reasonably, so as to suppress, and not to extend, the mischief which it was designed to cure.'" *Rotkiske,* 140 S. Ct. at 365 (Ginsberg, J., dissenting) (quoting *Sherwood v. Sutton,* 21 F. Cas. 1303, 1307 (No. 12,782) (C.C.D.N.H. 1828)). Application of an occurrence-based rule would fly in the face of this longstanding directive by permitting Defendant to benefit from its own misconduct.

### III. VACATING THE PANEL COURT DECISION WOULD CAUSE VICTIMS TO SUFFER UNNECESSARY HARM

By enacting Title IX, Congress acknowledged the financial and reputational limitations to institutional self-policing. The significant impacts of sexual assault on victims' ability to access the benefits of their education underscores the importance that schools take effective action to address it—not merely to prevent its reoccurrence but also to remediate its discriminatory effects. A school's role in preventing sexual assault is critical when it has knowledge that an individual poses a substantial risk to the students that they serve; this is especially true where, as here, that knowledge is exclusively controlled by school officials.

Reinstating the district court decision would vitiate Title IX's promise of equal access to the benefits of an education without sex-based discrimination while permitting institutions to perpetuate abuse undeterred. Application of an occurrence-based accrual rule requires victims of sexual assault to do that which the science and circumstances dictate is effectively impossible in order to access legal protection.[1] This miscarriage of justice undercuts Title IX's remedial purpose and leaves countless victims in the lurch. Indeed, it will imply to institutions that they can

---

[1] See CHILD USA, *Delayed Disclosure: A Factsheet Based on Cutting-Edge Research on Child Sex Abuse*, CHILDUSA.ORG, 3 (Mar. 2020) available at https://childusa.org/wpcontent/uploads/2020/04/Delayed-Disclosure-Factsheet-2020.pdf.

escape Title IX liability if they cover up the underlying discriminatory conduct and their own deliberate indifference to the same for long enough.

## CONCLUSION

For the foregoing reasons, *Amicus Curiae*, CHILD USA, requests this Court deny Defendant-Appellee's Petition for Rehearing En Banc so that these victims may finally have access to justice long overdue.

Respectfully submitted 18th day of October 2022,

/s/ Konrad Kircher
Konrad Kircher, Esq.
Ohio Bar Number 0059249
RITTGERS & RITTGERS
12 E. Warren Street
Lebanon, Ohio 45036
Tel: 513-932-2115
Konrad@rittgers.com

Counsel for *Amicus Curiae* CHILD USA

Marci A. Hamilton, Esq.
CEO & Founder, CHILD USA
3508 Market Street, Suite 202
Philadelphia, PA 19104
Tel: (215) 539-1906
mhamilton@childusa.org

Jessica Schidlow, Esq.
Staff Attorney, CHILD USA
jschidlow@childusa.org

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE AND FILE A BRIEF OPPOSING DEFENDANT'S PETITITON FOR REHEARING EN BANC and the proposed Amicus brief attached thereto have been filed with the Court's CM/ECF system this 18th day of October 2022 and will be served upon all counsel of record through that system.


Respectfully submitted,

/s/ Konrad Kircher
Konrad Kircher, Esq.
Ohio Bar Number 0059249
RITTGERS & RITTGERS
12 E. Warren Street
Lebanon, Ohio 45036
Tel: 513-932-2115
Konrad@rittgers.com

Counsel for *Amicus Curiae* CHILD USA

Marci A. Hamilton, Esq.
CEO & Founder, CHILD USA
3508 Market Street, Suite 202
Philadelphia, PA 19104
Tel: (215) 539-1906
mhamilton@childusa.org

Jessica Schidlow, Esq.

Staff Attorney, CHILD USA
jschidlow@childusa.org

## CERTIFICATE OF COMPLIANCE UNDER RULE 32(g)(1)

This brief complies with type-volume requirement of Rule 29(b)(4) of the Federal Rules of Appellate Procedure because it contains 2,000 words excluding the parts of the brief exempted, according to the word-count function of Microsoft Word software. This brief complies with the typeface and type-style requirements of Rules 32(a)(5) and 32(a)(6) of the Federal Rules of Appellate Procedure because the brief was prepared using Microsoft Word in 14-point Times New Roman font, which is a proportionately spaced serif typeface.

/s/ Konrad Kircher
Konrad Kircher, Esq.
Ohio Bar Number 0059249
RITTGERS & RITTGERS
12 E. Warren Street
Lebanon, Ohio 45036
Tel: 513-932-2115
Konrad@rittgers.com

Counsel for *Amicus Curiae* CHILD USA

Marci A. Hamilton, Esq.
CEO & Founder, CHILD USA
3508 Market Street, Suite 202
Philadelphia, PA 19104
Tel: (215) 539-1906
mhamilton@childusa.org

Jessica Schidlow, Esq.
Staff Attorney, CHILD USA

jschidlow@childusa.org