# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| STEVE SNYDER-HILL, et al., ) | Case No. 21-3981 |
| TIMOTHY MOXLEY, et al., ) | Case No. 21-3991 |
| ) | |
| Plaintiffs-Appellants, ) | |
| ) | |
| v. ) | |
| ) | |
| THE OHIO STATE UNIVERSITY, ) | |
| ) | |
| Defendant-Appellee. ) | |
| _____ ) | |

## DEFENDANT-APPELLEE THE OHIO STATE UNIVERSITY'S
## MOTION TO STAY THE MANDATES

Pursuant to Rule 41(d) of the Federal Rules of Appellate Procedure and 6 Cir. R. 41, Defendant-Appellee The Ohio State University ("Ohio State") respectfully moves the Court to stay the issuance of the mandates in the above-captioned appeals pending Ohio State's filing of a petition for a writ of certiorari in the Supreme Court of the United States. This Court may stay the issuance of the mandates if the petition for writ of certiorari "would present a substantial question" and "there is good cause for a stay." Fed. R. App. P. 41(d)(1); 6 Cir. R. 41(a). Both factors are satisfied here for the reasons discussed below.[1]

---

[1] The petition for a writ of certiorari is due March 14, 2023.

1

I. **BACKGROUND.**

The above-captioned *Snyder-Hill* and *Moxley* matters are two of 37 separate mass tort and putative class actions brought by 532 Plaintiffs who are represented by approximately 20 Plaintiffs' firms. The 37 actions assert claims against Ohio State relating to the conduct of former Ohio State physician, Dr. Richard Strauss. Plaintiffs assert federal claims against Ohio State pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), *et seq.* ("Title IX").

The District Court dismissed Plaintiffs' claims based on the two-year statute of limitations. On appeal, this Court consolidated the *Snyder-Hill* and *Moxley* cases (RE 73-2), and on September 14, 2022, a divided panel reversed the District Court. *See Snyder-Hill, et al. v. Ohio State Univ.*, 48 F.4th 686, 690-709 (6th Cir. Sept. 14, 2022). On December 14, 2022, with three active Sixth Circuit judges dissenting (a fourth senior Sixth Circuit judge on the panel also would have "grant[ed] rehearing for the reasons stated in his dissent" to the panel majority opinion), this Court denied Ohio State's petition for rehearing en banc. *See Snyder-Hill v. Ohio State Univ.*, 54 F.4th 963, 2022 WL 17661008 (6th Cir. 2022).

As discussed below, Ohio State respectfully submits that substantial questions exist regarding the proper scope and application of the accrual rule to Title IX claims as reflected in the dissenting opinions in these appeals, and in conflicting decisions from other circuits.

## II. ARGUMENT.

### A. This Case Presents Substantial Questions of Federal Law Regarding When Title IX Claims Accrue And The Scope Of Title IX.

This Court has held that "an appeal raises a substantial question when [it] presents a 'close question or one that could go either way.'" *United States v. Kincaid*, 805 F. App'x 394, 395 (6th Cir. 2020) (quoting *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985)); *see also Books v. City of Elkhart*, 239 F.3d 826, 828 (7th Cir. 2001) (granting motion to stay mandate pending a petition for a writ of certiorari); *see also California v. Am. Stores Co.*, 492 U.S. 1301, 1306 (1989) (staying mandate where "plausible arguments exist for reversing the decision below and [] there is at least a fair prospect that a majority of the Court may vote to do so."). These appeals present several such substantial questions.

**First**, the panel majority held that a discovery rule, and not the standard occurrence rule (in which a claim accrues when the plaintiff has a complete and present cause of action, regardless of his knowledge), applies to the accrual of a Title IX claim. *Snyder-Hill*, 48 F.4th at 698-701. As the dissenting opinions note, however, the Supreme Court has applied a discovery rule "only in a few well-defined situations," *e.g.*, those involving fraud or latent medical injuries or diseases, or where the statute of limitations expressly incorporates a discovery rule. *Snyder-Hill*, 48 F.4th at 712 (Guy, J., dissenting); *see also Snyder-Hill*, 54 F.4th at *9 (Readler, J.,

dissenting). Additionally, on two prior occasions, the Supreme Court has indicated that courts should "apply the occurrence rule, not the discovery rule" in cases where, as here, "there is no federal statute of limitations[.]" *See Wallace v. Kato*, 549 U.S. 384, 388-391 (2007); *McDonough v. Smith*, 139 S. Ct. 2149, 2155-56 (2019); *Snyder-Hill*, 54 F.4th at *6 (Readler, J., dissenting) (quoting *Snyder-Hill*, 48 F.4th at 713) (Guy, J., dissenting). At a minimum, there is "tension" between Sixth Circuit and Supreme Court precedent about when a claim accrues. *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021); *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1008 (6th Cir. 2022); *El-Khalil v. Oakwood Healthcare, Inc.*, 23 F.4th 633, 636 (6th Cir. 2022); *Snyder-Hill*, 54 F.4th at *5 (Thapar, J., dissenting). Ohio State respectfully submits that this tension between the panel majority's holding and Supreme Court precedent demonstrates that this is a substantial question warranting a stay of the mandate.

**Second,** Ohio State respectfully submits that the panel majority's opinion creates a circuit split with the Tenth Circuit, which has held that the occurrence rule, not the discovery rule, applies to both § 1983 and Title IX claims. *See Varnell v. Cora Consolidated School District*, 756 F.3d 1208, 1215–17 (10th Cir. 2014); *see also Snyder-Hill*, 54 F.4th at *10 (Readler, J., dissenting); *Snyder-Hill*, 48 F.4th at 711–12 (Guy, J., dissenting). The panel majority's opinion also conflicts with the Second, Third, and Fifth Circuits—all of which have refused "to adopt a 'delayed

4

accrual' rule" for Title IX and § 1983 claims against an institution. *King-White v. Humble Indep. Sch. Dist.*, 803 (F.3d 754, 763 (5th Cir. 2015) (Title IX and § 1983); *Twersky v. Yeshiva Univ.*, 579 Fed. App'x 7 (2d Cir. 2014) (Title IX); *Lawson v. Rochester City Sch. Dist.*, 446 F. App'x 327, 329 (2d Cir. 2011) (§ 1983); *Tengood v. City of Philadelphia*, 529 F. App'x 204, 210 & n.5 (3d Cir. 2013) (§ 1983)); *see also Snyder-Hill*, 48 F.4th at 719 (6th Cir. 2022) (Guy, J., dissenting) (citing cases)). This split among the circuits further demonstrates that a substantial question exists regarding the scope and application of the accrual rule to Title IX claims like those asserted here.

**Third**, the panel majority extended the implied right of action under Title IX to include all "members of the public" who are, "for example, access[ing] university libraries, computer labs, and vocational resources," "attend[ing] campus tours, sporting events, or other activities," or "attempting to participate" in such activities." *Snyder-Hill*, 48 F.4th at 708-709. No other circuit has extended Title IX in this manner, and this Court itself previously has recognized that Title IX's text has "natural limits" that do not encompass all "members of the public." 20 U.S.C. §§ 1681(a) and 1687; *see also Snyder-Hill*, 54 F.4th at *12-14 (Readler, J., dissenting). Ohio State respectfully submits that this also demonstrates the existence of a substantial question, which warrants a stay of the mandates in these appeals.

B.   **Good Cause Exists to Stay the Mandates.**

In considering whether good cause to stay the mandate exists, courts "balance the equities . . . by assessing the harm to each party if a stay is granted." *Books v. City of Elkhart*, 239 F.3d 826, 828 (7th Cir. 2001) (staying mandate) (citing *California v. Am. Stores Co.*, 492 U.S. 1301, 1304, 1307 (1989); *Holtzman v. Schlesinger*, 414 U.S. 1304, 1308–09 (1973)).

Here, granting a temporary stay of the mandates will not harm Plaintiffs. Ohio State requests only a brief stay until the Supreme Court decides whether to grant Ohio State's certiorari petition, which is due on or before March 14, 2023. The Supreme Court likely will decide the petition by the end of April 2023. *See A Reporter's Guide to Applications Pending Before The Supreme Court* at 15, available at https://www.supremecourt.gov/publicinfo/reportersguide.pdf (stating the Supreme Court acts on a petition in six weeks, on average). This is a short amount of time, particularly when compared to the length of time that has elapsed since the alleged conduct occurred—more than 20 to 40 years ago. Plaintiffs' position will not change over the next few months while Ohio State's certiorari petition is pending.

On the other hand, issuing the mandates would cause Ohio State significant harm and prejudice. There are currently 235 individual remaining Plaintiffs (107 individual Plaintiffs in the *Snyder-Hill/Moxley* appeals) bringing claims against the

University, including two putative class actions, based on alleged conduct that occurred more than 20 to 40 years ago. Discovery under such circumstances would be burdensome and costly not only to Ohio State, but to Plaintiffs as well, and additionally would impose unnecessary burdens upon the District Court at this time. Ohio State respectfully submits that it, Plaintiffs, and the District Court should not be required to expend significant resources related to discovery that ultimately might prove to be unnecessary if the Supreme Court accepts this matter for review.

### III.  CONCLUSION.

Ohio State respectfully submits that the multiple opinions in these appeals demonstrate that there is disagreement within the Sixth Circuit itself regarding the scope and application of the accrual rule in Title IX claims. This disagreement reflects a broader conflict among the circuits, and demonstrates that these are substantial questions, which warrant a stay of the mandates in the above-captioned appeals. Accordingly, for the foregoing reasons, Ohio State respectfully requests the Court to stay the mandates pending Ohio State's filing of a petition for a writ of certiorari in the Supreme Court and pending the Supreme Court's resolution of that petition.

Respectfully submitted,

DAVE YOST
ATTORNEY GENERAL OF OHIO

By: /s/ Michael H. Carpenter
Michael H. Carpenter
Timothy R. Bricker
David J. Barthel
CARPENTER LIPPS AND LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Tel: (614) 365-4100
Fax: (614) 365-9145
E-mail: carpenter@carpenterlipps.com
bricker@carpenterlipps.com
barthel@carpenterlipps.com

*Special Counsel for Defendant-Appellee*
*The Ohio State University*

**CERTIFICATE OF COMPLIANCE**

I hereby certify, in accordance with Rule 32(g) of the Federal Rules of Appellate Procedure, that this motion complies with the type-volume requirements and contains 1,534 words. *See* Fed. R. App. P. 27(d)(2)(A).

I further certify, in accordance with Rule 27(d)(1)(E) of the Federal Rules of Appellate Procedure, that this motion complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type-style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14-point font.

/s/ Michael H. Carpenter
Michael H. Carpenter

*Special Counsel for Defendant-Appellee*
*The Ohio State University*

## PROOF OF SERVICE

I hereby certify that on this 21st day of December 2022, this motion was filed, a true and accurate copy of the foregoing Defendant-Appellee The Ohio State University's Motion To Stay The Mandates was uploaded to the Court's CM/ECF system, which will serve notice and copies of the filing via electronic mail upon all counsel of record for plaintiffs-appellants. Parties may access this filing through the Court's CM/ECF system.

/s/ Michael H. Carpenter
Michael H. Carpenter

*Special Counsel for Defendant-Appellee*
*The Ohio State University*